Mr. Chief Justice ShaRkey
delivered the opinion of the court
A bill was filed in the superior court of chancery, against the Mississippi Railroad Company, under the act of 1844, which act provided for placing said company in liquidation for the benefit of creditors. Under a prayer in the original bill, the complainant was appointed a receiver, with power to take possession of the notes, and other evidences of debt, and to sue for and collect all moneys due the company. By virtue of that appointment, this bill was filed in the district chancery court, to recover of the respondent the amount he had subscribed to the capital stock of the company. The respondent demurred, and the demurrer was allowed.
The liability of the respondent on his subscription, as it originally existed, was purely legal in its character. He was liable to be sued at law, by the corporation, for the amount lie had subscribed, although the charter may have contained a clause providing for a forfeiture of the stock, on failure to pay. The remedy by forfeiture and sale is but cumulative. Ang. & Ames on Corp. 293, 310-11.
The question then is, can the complainant sue in his own *580 name, in equity, to recover a debt which, as between the original parties, was recoverable only at law ? The appointment of a receiver, in this case, was not made under any provision in the statute under which the proceeding was instituted against the bank. In case of a voluntary surrender of the franchise, the act authorizes the governor to appoint two commissioners to wind up the affairs of the bank, one of whom should be nominated by the stockholders. But, if a voluntary surrender was not made, then the act required the attorney-general to proceed, by bill in chancery, to have the charter vacated, but two commissioners were still to be appointed by the governor. The commissioners were empowered to receive all the assets and property of the bank, and to collect the debts by suit or otherwise. If the charter has been declared forfeited, the commissioners are the proper persons to collect the debts, and not a receiver appointed pending litigation. But whether a forfeiture has been declared, does not appear. But if the receiver is still invested with power, he is not authorized to sue in chancery, for the collection of a purely legal demand. Indeed, no case has been found, in which a receiver has been permitted to sue, except at law, in the action of ejectment, on leave granted by the court for that purpose. 2 Haddock’s Ch. 243; 1 Smith’s Ch. Prac. 638. He is but an officer of the court, appointed to hold a fund pending litigation, or infancy. But if he can sue at all, it must be in the name of the party having the legal right; and the authority to sue does not convert that into an equitable right which was before purely legal, or he could not bring ejectment. If he is to be regarded as the assignee, he should sue at law, of course, on mere legal demands. And if he is considered as trustee, it is the same thing, for a trustee may sue at law.
But, does the receiver derive power to sue, in this instance, from the order of his appointment? It is alleged in the bill, that he is authorized to sue for and collect all moneys due the company. Admitiing that this order conferred the power to sue, it only gives the power to be exercised according to the appropriate remedy. The chancellor could not convert remedies *581 from legal to equitable. If he could confer the power to sue, he could confer it to be exercised as well at law as in equity.
Decree affirmed.